**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA WILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 20 C 4558** |
| **v.** | ) | |
| | ) | **Judge Jorge L. Alonso** |
| **WAL-MART STORES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tonya Willis, brings this action against defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), after she slipped on soap that had spilled onto the restroom floor at one of defendant's stores. Plaintiff claims that defendant was negligent in spilling the soap, failing to clean up the soap, and/or failing to maintain premises free of hazardous conditions. Defendant moves for summary judgment, arguing that plaintiff has not come forward with sufficient evidence to permit a reasonable jury to find in her favor. For the following reasons, the Court grants the motion.

## BACKGROUND

The following facts are taken from the statements and responses the parties have submitted pursuant to this district's Local Rule 56.1. Unless otherwise noted, these facts are either undisputed or presented from the point of view of plaintiff, the non-moving party.

On January 17, 2018, after purchasing items at a Wal-Mart store in Cicero, Illinois, plaintiff entered the store's restroom. There were other people using the restroom at the time. Plaintiff used the stall farthest from the entrance, and as she walked through the restroom, she did not see anything on the floor. While she was in the stall, plaintiff heard other people entering the restroom, using the sink, and exiting the restroom. Plaintiff heard someone say, "Oh shit."

When plaintiff exited the stall, a person was standing at the sink, washing her hands. The person was wearing a yellow smock, which identified her as a Wal-Mart employee. Plaintiff believes this was the person who uttered the expletive, although, from the stall, plaintiff could only see through "the little crack" and did not have a full view of the sink. (Def.'s Mem. Ex. B, Pl.'s Dep. at 37:17-21, ECF No. 53-2.)  Plaintiff noticed that refill bags of liquid soap were lying on the counter, not yet placed in the hand soap dispenser. Plaintiff slipped and fell on soap that had spilled onto the floor, apparently, plaintiff believes, from one of the bags of soap.[1] Plaintiff did not see the soap spill onto the floor, no one told her how the soap came to be on the floor, and she did not see any dirt or footprints in the soap, nor does she know how long the soap was on the floor before her fall. Security video showed that numerous people, customers and employees, had entered the restroom in the hour leading up to plaintiff's fall.

## LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011).  A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] There is no clear evidence of how much soap was on the floor. The Court notes that plaintiff's opposition brief states that the spill was "as wide as the sink and several floor tiles out from the sink" (Pl.'s Mem. at 14, ECF No. 59), but this characterization of the evidence is a stretch, to put it mildly. When asked at her deposition to describe the shape or size of the soap on the floor, plaintiff testified, "I'll say like in your bathroom when you have the squares in your bathroom, just across where the sink was. Just across and outward." (Pl.'s Dep. at 36:21-37:2). The Court is unable to make anything of that, and plaintiff has not pointed to any other evidence on this question.

"Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (internal quotation marks omitted). "To defeat a motion for summary judgment, the party opposing it must make a 'showing sufficient to establish the existence of [any challenged] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893-94 (7th Cir. 2018) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). The court may not weigh conflicting evidence or make credibility determinations, but the party opposing summary judgment must point to competent evidence that would be admissible at trial to demonstrate a genuine dispute of material fact. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 705 (7th Cir. 2011); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

In assessing the evidence at summary judgment, the court must consider the facts in the light most favorable to the non-moving party, giving that party "the benefit of all conflicts in the evidence and reasonable inferences that may be drawn from the evidence," regardless of whether it can "vouch for the objective accuracy of all" the evidence the non-moving party puts forward. *Fish v. GreatBanc Tr. Co.*, 749 F.3d 671, 674 (7th Cir. 2014). Even though district courts must view the non-moving party's evidence in this generous light, it does not follow that they are "required to draw every requested inference; they must only draw reasonable ones that are supported by the record." *Omnicare*, 629 F.3d at 704. "Inferences supported only by speculation or conjecture will not suffice." *Johnson*, 892 F.3d at 894.

## ANALYSIS

This diversity case is governed by Illinois law. Plaintiff's two-count complaint asserts her claims under theories of negligence and premises liability. There is considerable overlap between these theories, but they are not identical. The Illinois Appellate Court has explained the difference as follows:

> [O]rdinary negligence requires proof of only three elements—the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. Premises liability requires proof of those three things plus three additional elements—that there was a *condition* on the property that presented an unreasonable risk of harm, that the defendant knew or reasonably should have known of the condition and the risk, and that the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger.

*Garcia v. Goetz*, 121 N.E.3d 950, 958 (Ill. App. Ct. 2018) (internal citations omitted). "In effect, the difference between premises liability and ordinary liability is that in a premises liability case the defendant is alleged to have 'maintained a dangerous condition,' whereas in an ordinary liability case the defendant is alleged to have caused the dangerous condition." *Hutson v. Pate*, 2022 IL App (4th) 210696, ¶¶ 44-46 (quoting *Reed v. Wal-Mart Stores, Inc.*, 700 N.E.2d 212, 215 (Ill. App. Ct. 1998)).

Defendant argues that it is entitled to summary judgment because there is no evidence that would permit a reasonable factfinder to conclude either that (1) one of defendant's employees spilled the soap, or (2) defendant had notice—actual or constructive—of the spilled soap.

## I. Whether Defendant Spilled the Soap

Plaintiff does not claim to have seen the spill occur, nor does the record contain any nonparty witness's account of how or when the spill occurred. Nevertheless, plaintiff argues that a reasonable factfinder could conclude that the Wal-Mart employee who was at the sink while plaintiff was in the stall must have spilled the soap, as evidenced by her exclamation, "Oh shit!"

4

Alternatively, plaintiff contends that any of several employees who entered the restroom—as shown on security video—in the hour leading up to the accident may have spilled the soap.

The Court is not convinced. Plaintiff cites no cases in which courts have found sufficient evidence that the employer caused the dangerous condition in similar circumstances, and any such conclusion would rest on improper speculation. *See Hillsamer v. Walmart, Inc.*, No. 20 C 6753, 2022 WL 4079451, at *5 (N.D. Ill. Sept. 6, 2022) (granting summary judgment in part because argument that employee caused the spill rested on "mere speculation"). If this were a case in which an employee was the only other person who was in the restroom at or shortly before the time of the accident, then perhaps a reasonable factfinder might be warranted in inferring that the employee had spilled the soap. But it is undisputed that other customers entered the restroom in the hour before the accident, and, indeed, there were other customers in the restroom at the time plaintiff entered it and while she was in the stall. Plaintiff admitted to hearing people entering and exiting the restroom while she was in the stall. Given these undisputed facts, the evidence is insufficient to support any conclusion that it was an employee, rather than a customer, who spilled the soap. *See Austin v. Alton Casino, LLC*, No. 14-CV-1258-JPG-PMF, 2016 WL 4679530, at *4 (S.D. Ill. Sept. 7, 2016) ("[T]he spill occurred in a bathroom that was open to all patrons of the Casino, not in an area where Casino employees were more likely than Casino patrons to be – and to spill something wet. There is simply no evidence, direct or circumstantial, that would make it more likely that a Casino employee was responsible for the spill as opposed to a Casino patron."); *Krebs v. Valley Baptist Church, Inc.*, 2014 IL App (2d) 140243-U, ¶ 31 (affirming summary judgment for defendant because plaintiff's argument "disregard[ed] evidence that . . . people [other than employees] were present when plaintiff fell"); *cf. Flakes v. Target Corp.*, No. 17 CV 06957, 2019 WL 6893005, at *4 (N.D. Ill. Dec. 18, 2019) (finding at least "slight circumstantial evidence"

sufficient to support inference that employee caused a spill in part because "there were no customers in the aisle immediately before Plaintiff's fall"). Plaintiff reads much into the exclamation "Oh shit," which she claims to have heard an employee make while she was in the stall, but the employee could have uttered the phrase for any reason, as the phrase can mean "'almost anything,'" and to "'assign one theory over another as the cause . . . would be sheer speculation.'" *See Gentry v. Shop'n Save Warehouse Foods, Inc.*, 708 F. Supp. 2d 733, 739 (C.D. Ill. 2010) (quoting *Brett v. F. W. Woolworth Co.*, 290 N.E.2d 712, 714 (Ill. App. Ct. 1972)). Plaintiff has not come forward with sufficient evidence to permit a reasonable juror to conclude that an employee, rather than a customer, spilled the soap.

## II.    Notice

Because plaintiff cannot prove that defendant or one of its employees spilled the soap, she can only prevail, under either a negligence or premises liability theory, if she can prove that defendant had sufficient notice of the spilled soap. *See Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 184-85 (Ill. App. Ct. 2019).

When a customer suffers injury by slipping on a foreign substance while visiting a business's premises, the business is liable if it had either "actual or constructive notice of the dangerous condition that caused the fall." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008). Plaintiff argues that defendant had actual notice of the spilled soap because numerous employees entered the restroom in the hour before the accident, and indeed, according to plaintiff, an employee was in the restroom standing at the sink at the time of the accident. Further, while plaintiff was in the stall, she heard that employee exclaim, "Oh shit," and plaintiff suggests that this may have been because the employee noticed the spilled soap. Even if neither that employee

nor any other noticed the soap, plaintiff submits that one of them should have, having had ample opportunity to do so, and therefore, plaintiff argues, defendant had constructive notice of the spill.

Taking the constructive notice issue first, the problem for plaintiff is that there is no evidence of when the soap that she slipped in spilled onto the restroom floor. "[T]here is no bright-line rule designating the requisite time to establish constructive notice," *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651-52 (7th Cir. 2014) (applying Illinois law), but it is "incumbent upon the plaintiff to establish that the foreign substance was on the floor" for "a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered" by the business owner or its employees. *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 1980). Here, there is no evidence to establish how long the soap was on the floor; the spill could have happened a mere moment before plaintiff stepped out of the stall and slipped. In such circumstances, the evidence does not permit a reasonable factfinder to conclude that defendant was on constructive notice. *See id.* at 546-57.

As for actual notice, the evidence is insufficient to support any finding in plaintiff's favor on that issue. No employee admitted to noticing the soap spill, and no witness reported observing that an employee noticed the spill. Again, plaintiff cites the fact that a Wal-Mart employee stood at the sink and exclaimed, "oh shit," while plaintiff was in the restroom stall. But, as the Court explained above, that expression can mean almost anything. Without more, the Court finds no basis for concluding that the utterance means that the employee actually noticed the soap spill. Any such conclusion would rest on improper speculation.

Plaintiff's opposition brief—although it is not a model of clarity—seems also to argue that defendant is responsible for the spill because it did not clean and inspect the restroom frequently enough. But this argument runs into the same problem the Court has described above: there is no

evidence of when the spill occurred. Illinois law does not require "continuous monitoring and patrolling of a store's safety conditions." *Zuppardi*, 770 F.3d at 652. Without evidence of how long the spill was left unattended, the Court has no basis for concluding that there was anything unreasonable about defendant's conduct in this regard, or that it caused plaintiff's accident.

Under any theory, then, the evidence is insufficient to enable a reasonable finder of fact to rule in plaintiff's favor. Defendant's motion for summary judgment is granted.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion for summary judgment [207]. Civil case terminated.

**SO ORDERED.**

**ENTERED: May 17, 2023**

**HON. JORGE L. ALONSO**
**United States District Judge**

8